In re Lee Orville **LOWNSBERRY** and Barbara Louise Lownsberry, et al., Debtors.

**Bankruptcy No. 89–B–07144–J.**

United States Bankruptcy Court, D. Colorado.

Oct. 16, 1989.

Milnor Senior III, Denver, Colo., for debtor.

Albert Hoffman, Denver, Colo., trustee.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before this Court upon the Trustee's Objection to Claimed Exemptions. The Debtors have claimed as exempt property the avails of their life insurance policies and their Individual Retirement Account ("IRA"). Since the life insurance policies are the subject of a separate adversary action, only the exemption of the IRA will be addressed here.

Exemptions of IRA's under C.R.S. 13–54–104 were decided in this Court's opinion of *In re Toner*, 105 B.R. 978 (Bankr.D. Colo.1989). That opinion determined that under the language of the statute effective as of the date of filing of the *Toner* bankruptcy, only the interest earned on an IRA account was 75% exempt under the statute. C.R.S. 13–54–104 has since that time been amended to include the following paragraph, effective July 1, 1988:

**13–54–104. Restrictions on garnishment and levy under execution or attachment.**

(1.1) For purposes of this section and only for the purpose of claiming an exemption in bankruptcy, "avails of any pension or retirement benefits or deferred compensation plan" means profits or proceeds in any pension or retirement plan or deferred compensation plan,, including those in which the debtor has received benefits or payments or has the present right to receive benefits or payments or has the right to receive benefits or payments in the future and including pensions or plans which qualify under the federal "Employee Retirement Income Security Act of 1974" as an employee pension benefit plan, as defined in 29 U.S.C. 1002, avails of any individual retirement account, as defined in 26 U.S.C. 408, and avails of any KEOGH plan, as defined in 26 U.S.C. 401.

Though the statute has changed, the result has not. As pointed out in *Toner*, the Colorado legislature retained the "avails of" language in the amendment to the statute, making only the earnings on, not the "corpus" of the IRA exempt. Thus, the *Toner* opinion must apply to the case at bar. Additionally, it must be noted that, depending on the vehicle in which the IRA funds are invested, the IRA could merely be a savings account to which certain tax advantages attach. This savings account could be accessed by the debtor at any time upon payment of any tax penalty required. There is nothing to prevent the debtor from getting his discharge in bankruptcy and then cashing in his IRA, essentially resulting in a windfall for the debtor to the detriment of the creditors.

This Court finds that under authority of *In re Toner*, the exemption as to the entire IRA is disallowed. Exemption is allowed in

the amount equal to 75% of the interest or other earnings on the IRA.

ORDERED that the Trustee's Objection to Claimed Exemptions is sustained as to the IRA's only. Debtor shall, within thirty (30) days, furnish to the Trustee information regarding dates of deposits into the subject IRA and any interest or other income attributable to such IRA.